IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAVERNE HARDISON, | ) |
| Plaintiff, | ) 03C 8762 |
| v. | ) JUDGE ANDERSEN |
| CARIBOU COFFEE, INC. | ) JURY DEMANDED |
| Defendant. | ) MAGISTRATE JUDGE ASHMAN |

## COMPLAINT

Plaintiff, LAVERNE HARDISON, by her undersigned counsel, complains of defendant CARIBOU COFFEE, INC., and states as follows:

### NATURE OF THE ACTION

1. This action is brought under the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981A, seeking to redress unlawful employment practices on the basis of race and to remedy defendant's interference with the right of plaintiff to enter into and enforce contracts. This action is also brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as amended by the Civil Rights Act of 1991.

### JURISDICTION AND VENUE

2. This Court has jurisdiction to hear this action pursuant to Title VII of the Civil Rights Act and under 28 U.S.C. §§1331, 1337 and 1343.

3. On February 21, 2002, plaintiff filed a timely charge of discrimination against defendant with the Equal Employment Opportunity Commission (EEOC). Earlier this year, the EEOC found there was reasonable cause to believe that the defendant violated Title VII. On

September 8, 2003, after attempts at conciliation failed, the EEOC issued a Notice of Right to Sue.

4. Venue is proper for the United States District Court for the Northern District of Illinois since many of the acts complained of arose in this judicial district.

## FACTS

5. Plaintiff, LAVERNE HARDISON, is an African-American citizen of the United States and a resident of Chicago, Illinois.

6. Defendant, CARIBOU COFFEE, INC., is a corporation permitted to do business in Illinois and throughout the United States. It operates several stores in the Chicago area and throughout the United States selling coffee and other foods to the public.

7. Plaintiff was hired by defendant in December, 2000 as a manager. From early 2001 through early 2002, she was manager of a Caribou Coffee store on State and Division Streets in Chicago. The store closed at the end of 2001, and plaintiff was transferred to another Caribou Coffee store in Chicago.

8. At all times, plaintiff's performance was excellent.

9. In September, 2001, defendant assigned Peter Wagner to be its District Manager in the Chicago area with jurisdiction over plaintiff's store. Shortly after he arrived, Mr. Wagner engaged in acts of racial discrimination against African-American employees of Caribou which were brought to the attention of the plaintiff. In addition, Mr. Wagner made disparaging comments about African-Americans to plaintiff and other African-Americans. Mr. Wagner also harassed plaintiff in the performance of her job.

10. Later in the fall of 2003, plaintiff complained about Mr. Wagner's discriminatory and

inappropriate conduct to central management and was assured by management that this conduct would stop.

11. In February, 2002, plaintiff was discharged from employment with defendant based solely on the recommendation of Mr. Wagner.

## COUNT I

### Discriminatory Discharge in Violation of §1981

12. Plaintiff incorporates and realleges Paragraphs 1 through 11 of this Complaint.

13. Plaintiff was terminated on account of her race, in violation of 42 U.S.C. §1981. Defendant's asserted reason for terminating plaintiff's employment is a pretext for discriminating against her on account of her race, in violation of 42 U.S.C. §1981.

14. Defendant has discriminated against plaintiff in wilful and wanton disregard for her rights, thereby justifying an award of punitive damages.

## COUNT II

### Retaliatory Discharge in Violation of 42 U.S.C. §1981

15. Plaintiff incorporates and realleges Paragraphs 1 through 14 of this Complaint.

16. Plaintiff was terminated in retaliation for making complaints about race discrimination, in violation of 42 U.S.C. §1981.

17. Defendant retaliated against plaintiff in wilful and wanton disregard for plaintiff's rights, thereby justifying an award of punitive damages.

## COUNT III

### Racial Harassment in Violation of 42 U.S.C. §1981

18. Plaintiff incorporates and realleges Paragraphs 1 through 17 of this Complaint.

19. During her employment with defendant, plaintiff was subjected to racial harassment, in violation of 42 U.S.C. §1981.

20. These unlawful acts were in wilful and wanton disregard for plaintiff's rights, thereby justifying an award of punitive damages.

## COUNT IV

### Discriminatory Discharge in Violation of Title VII

21. Plaintiff incorporates and realleges Paragraphs 1 through 20 of this Complaint.

22. Plaintiff was terminated on account of her race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. Defendant's asserted reason for terminating plaintiff's employment is a pretext for discriminating against her on account of her race, in violation of Title VII.

23. Defendant has discriminated against plaintiff in wilful and wanton disregard for her rights, thereby justifying an award of punitive damages.

## COUNT V

### Retaliatory Discharge in Violation of Title VII

24. Plaintiff incorporates and realleges Paragraphs 1 through 23 of this Complaint.

25. Plaintiff was terminated in retaliation for making complaints about race discrimination, in violation of Title VII, 42 U.S.C. § 2000e et seq.

26. Defendant retaliated against plaintiff in wilful and wanton disregard for plaintiff's rights, thereby justifying an award of punitive damages.

4

## COUNT VI

### Racial Harassment in Violation of Title VII

27. Plaintiff incorporates and realleges Paragraphs 1 through 26 of this Complaint.

28. During her employment with defendant, plaintiff was subjected to racial harassment, in violation of Title VII, 42 U.S.C. § 2000e et seq.

29. These unlawful acts were in wilful and wanton disregard for plaintiff's rights, thereby justifying an award of punitive damages.

WHEREFORE, plaintiff respectfully requests that the Court:

A. Find that the defendant has discriminated against the plaintiff on account of her race and in retaliation for her complaints of racial discrimination and harassment.

B. Order plaintiff to be reinstated and given full back pay and other benefits to which she is entitled but for the discrimination of the defendant.

C. Award plaintiff compensatory and punitive damages and front pay, if appropriate.

D. Award plaintiff's attorneys' fees and costs.

E. Order such other relief as is just and appropriate.

_____
One of the Attorneys for Plaintiff

Stephen G. Seliger
Laurie S. Elkin
Seliger & Elkin, Ltd.
155 North Michigan Ave.
Suite 500
Chicago, Illinois 60601
(312) 616-4244

**DOCKETED**
**DEC 0 4 2003**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet  03C 8762

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

JUDGE ANDERSEN

| | |
|---|---|
| **Plaintiff(s):** Laverne Hardison | **Defendant(s):** Caribou Coffee, Inc. |
| **County of Residence:** | **County of Residence:** MAGISTRATE JUDGE ASHMAN |
| **Plaintiff's Atty:** Stephen G. Seliger, Esq.<br>Seliger & Elkin, Ltd.<br>155 North Michigan Avenue,<br>Suite 500, Chicago, IL 60601<br>(312) 616-4244 | **Defendant's Atty:** |

FILED-EDA 03 DEC -3 PM U.S. DISTRICT COURT

**II. Basis of Jurisdiction:** 3. Federal Question (U.S. not a party)

**III. Citizenship of Principal Parties** (Diversity Cases Only)
    Plaintiff:- N/A
    Defendant:- N/A

**IV. Origin:** 1. Original Proceeding

**V. Nature of Suit:** 442 Employment

**VI. Cause of Action:** Race discrimination under 42 U.S.C. 1981 Race and National origin, discrimination under 42 U.S.C. 2000, et seq.

**VII. Requested in Complaint**
    Class Action: No
    Dollar Demand:
    Jury Demand: Yes

**VIII.** This case **IS NOT** a refiling of a previously dismissed case.

Signature: _____
Date: 12/3/03

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.** Revised: 06/28/00

http://www.ilnd.uscourts.gov/PUBLIC/Forms/auto_js44.cfm      12/03/2003

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In the Matter of

Laverne Hardison, Plaintiff,
v.
Caribou Coffee, Inc., Defendant.

Case Number: **03C 8762**

DOCKETED DEC 0 4 2003

JUDGE ANDERSEN
MAGISTRATE JUDGE ASHMAN

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:
Plaintiff Laverne Hardison

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Stephen G. Seliger | NAME: Laurie S. Elkin |
| FIRM: Seliger & Elkin, Ltd. | FIRM: Seliger & Elkin, Ltd. |
| STREET ADDRESS: 155 N. Michigan Ave., Suite 500 | STREET ADDRESS: 155 N. Michigan Ave., Suite 500 |
| CITY/STATE/ZIP: Chicago, IL 60601 | CITY/STATE/ZIP: Chicago, IL 60601 |
| TELEPHONE NUMBER: (312) 616-4244 | FAX NUMBER: (312) 565-7289 | TELEPHONE NUMBER: (312) 616-4244 | FAX NUMBER: (312) 565-7289 |
| E-MAIL ADDRESS: SSeliger1@aol.com | E-MAIL ADDRESS: LSElkin1@aol.com |
| IDENTIFICATION NUMBER: 02547074 | IDENTIFICATION NUMBER: 06210523 |
| MEMBER OF TRIAL BAR? YES ☑ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☑ |
| TRIAL ATTORNEY? YES ☑ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☑ |
|  | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | FAX NUMBER | TELEPHONE NUMBER | FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER | IDENTIFICATION NUMBER |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |